## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARK ENSMINGER**, *on behalf of himself and those similarly situated*, | |
| Plaintiff, | |
| v. | **Case No.:** |
| **CREDIT LAW CENTER, LLC a/k/a THOMAS ANDREW ADDLEMAN L.L.C., d/b/a CREDIT LAW CENTER**, 4041 NE Lakewood Way, Suite 140 Lee's Summit, MO 64064 <u>Serve through Registered Agent</u>: Thomas Addleman 4041 NE Lakewood Way, Suite 140 Lee's Summit, MO 646064 | **JURY TRIAL DEMAND** |
| And | |
| **THOMAS ADDLEMAN a/k/a TOM ADDLEMAN** 4041 NE Lakewood Way, Suite 200 Lee's Summit, MO 64064 | |
| Defendants. | |

## <u>CLASS ACTION COMPLAINT</u>

1.     This is a class action under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.* and state law claims for breach of fiduciary duty.

2.     Defendants violated the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA") in three distinct ways, and also breached their fiduciary duty to Plaintiff and the putative class.

3.     In response to abuses in the credit repair industry, Congress enacted the CROA in 1996, as an amendment to the Consumer Protection Act.

4.     Congress did so against the backdrop of express findings that consumers have a vital interest in establishing and maintaining their credit worthiness and credit standing. In order to obtain credit, consumers who have experienced credit problems may seek assistance from credit repair organizations that offer to improve their credit standing. Moreover,  certain advertising and business practices of companies engaged in the type of business that CREDIT LAW CENTER LLC a/k/a THOMAS ANDREW ADDLEMAN L.L.C. d/b/a Credit Law Center and Thomas Addleman a/k/a Tom Addleman ("Defendants") operate, have worked a financial hardship upon consumers, particularly those of limited economic means and who are inexperienced in credit matters. *See* 15 U.S.C. § 1679(a).

5.     The purpose of CROA, enacted April 1, 1997, is to improve the policing of companies associated with services offered to aid in credit repair by ensuring that consumers seeking to utilize such services be provided additional disclosures and other protections against deceptive business practices. *See* 15 U.S.C. § 1679(b).

6.     CROA prohibits charging or receiving any money until after the service is "fully performed."  CROA, § 1679b(b).

7.     CROA mandates that the required written disclosures informing consumers of their rights under CROA be provided "separately from any written contract or other agreement…" CROA, § 1679c(b).

8.     CROA requires a conspicuous "notice of cancellation…" CROA, § 1679d(b)(4).

## Jurisdiction and Venue

9.     This Court has subject matter jurisdiction under 15 U.S.C. § 1679g and 28 U.S.C. § 1331.

10.     Venue is proper in this Court under 28 U.S.C. § 1391(b) as the acts and transactions

giving rise to this action occurred in this district, and as Mr. Mark Ensminger ("Plaintiff") resides in this district.

## Parties

11.     Plaintiff is a natural person and a citizen of the State of Kansas.

12.     Plaintiff is a consumer as defined by 15 U.S.C. §1679a(1).

13.     Defendant, CREDIT LAW CENTER, LLC a/k/a THOMAS ANDREW ADDLEMAN L.L.C., d/b/a Credit Law Center, is a law firm structured as a Missouri limited liability company with its principle place of business in Lee's Summit, Missouri.

14.     Defendant, Thomas Addleman a/k/a/ Tom Addleman, is an attorney who is licensed to practice, and so practices, in the State of Missouri, including with the jurisdiction of this Court.

15.     Defendant Thomas Addleman a/k/a Tom Addleman is a Kansas attorney.

16.     Defendant, Thomas Addleman a/k/a/ Tom Addleman is the sole member and owner of  Defendant, CREDIT LAW CENTER, LLC a/k/a THOMAS ANDREW ADDLEMAN L.L.C., d/b/a Credit Law Center.

17.     Defendant, Thomas Addleman a/k/a/ Tom Addleman, acted as the attorney for Plaintiff.

18.     Defendant, Thomas Addleman a/k/a/ Tom Addleman, acted as the legal representative for Plaintiff.

19.     Credit Law Center is a registered fictitious name owned by THOMAS ANDREW ADDLEMAN L.L.C., which does business as Credit Law Center.

20.     THOMAS ANDREW ADDLEMAN L.L.C. is a law firm registered in the State of Missouri.

21.     Defendants are jointly and severally liable for all claims alleged by Plaintiff and the

putative class.

22.    Defendants use instrumentalities of interstate commerce or the mails to sell, provide, or perform (or represent that it can or will sell, provide, or perform) any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving any consumer's credit record, credit history, or credit rating, or providing advice or assistance to any consumer with regard to any activity or service related to improving any consumer's credit record, credit history, or credit rating.

23.    Defendants are each a credit repair organization as defined by 15 U.S.C. § 1679(a)(3)(A).

### Factual Allegations

24.    On February 27, 2015 Plaintiff entered into an Engagement Agreement and Limited Designation of Agency ("Engagement Agreement") with Defendants. A redacted copy of this Engagement Agreement is attached as <u>Exhibit A</u>.

25.    Defendants presented this Engagement Agreement as a comprehensive electronic document, stamped: DocuSign Envelope ID: B2C24984-D017-4FA0-9745-85BD892F363C ("E-Doc"), which is comprised of the following eight documents and agreements, in this order:

   a.    Credit Law Center letter

   b.    Client Information Sheet

   c.    Limited Scope Representation Agreement

   d.    CROA Sec. 405 Disclosure

   e.    Power of Attorney

   f.    HIPAA Release of Information Authorization Form

   g.    Notice of Cancellation

h.  Notice of Cancellation

26.    Defendants represent that they are "designed to assist [the client] in [their] efforts to ensure that [their] credit reports fairly and accurately reflect [their] credit history, and to provide [the client] with valuable guidance as [they] continue to manage [their] credit." <u>Exhibit A</u> at 3.

27.    The Engagement Agreement sets out the responsibilities and obligations of Plaintiff and Defendants.

28.    Defendant, Tom Addleman, signed an authorization form that stated:

"If applicable, Legal Representative sign below: *By signing this form, I represent that I am the legal representative of the client identified above and will provide written proof (e.g. Power of Attorney, living will, guardianship papers, etc.) that I am legally authorized to act on the client's behalf with respect to this authorization form.*

Name of Legal Representative: Tom Addleman"

29.    The client identified in the authorization described in the preceding paragraph was Plaintiff, Mark Ensminger.

30.    Under the Engagement Agreement, Defendants agree to staff attorneys, paralegals, clerical staff, or others, to assist in handling the client's case.

31.    Under the Engagement Agreement, Defendants agree to investigate and dispute credit reporting errors or omissions.

32.    In return for these credit repair services, Plaintiff and the class members agree to pay for these services.

33.    Defendants demanded, and Plaintiff and paid $300.00 within seven days of entering into the Engagement Agreement.

34.    Defendants demanded that Plaintiff and the putative class members pay monies described as a retainer amount (hereinafter "Retainer") within seven days after signing the Engagement Agreement for all contracts exceeding $500.00.

35.     Plaintiff's contract exceeded $500.00, as set by the Engagement Agreement's "Contract Cap" of $1200.00.

36.     The Engagement Agreement provides that "Any contract exceeding a total of $500.00 will require a retainer that will be collected seven (7) days after the date the contract is signed by the client." Exhibit A at 5.

37.     The Retainer for Plaintiff's contract with Defendants was due on or before March 4, 2015.

38.     Defendants received Plaintiff's Retainer on or before March 4, 2015.

39.     Plaintiff was required to authorize up to $1,200.00 in fees for Defendants' services, which was described as a "Contract Cap" for "negative items being repaired or removed from my credit reports."

40.     These payments were demanded, and paid, before the completion of the services outlined in the Engagement Agreement.

### Count I
### Violation of CROA, 15 U.S.C. § 1679b(b)

41.     Plaintiff repeats and re-alleges each factual allegation above as though set forth in full hereunder.

42.     This claim is for Defendants' violation of CROA's prohibition on charging or receiving payment before full performance of services.

43.     The CROA provides "No credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed." 15 U.S.C. § 1679b(b).

44.     Defendants require payment in the form of a fee be paid within 35 days of entering

into the Engagement Agreement.

45.    Defendants charged Plaintiff and the putative class money prior to fully performing any credit repair services on their behalf.

46.    In requiring payment in advance of completion of services, Defendants violated 15 U.S.C. § 1679b(b).

47.    The conduct of Defendants was the direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to the Plaintiff and the putative class, including *inter alia,* payment of a Retainer before Defendants performed services, as outlined more fully above. As a result, Defendants are each liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff seeks judgment and damages in favor of Plaintiff and the putative class against the Defendants based on the following requested relief:

a.    Actual damages, totaling the greater of the amount sustained as a result of the violation, or any amount paid to Defendants;

b.    Punitive damages as calculated by 15 U.S.C. § 1679g(a)(2)(B)(i)-(ii);

c.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1679g(a)(3); and,

d.    Such other and further relief as may be necessary, just and proper.

**Count II**
**Violation of CROA, 15 U.S.C. § 1679c(b)**

48.    Plaintiff incorporates by reference all preceding allegations as though set forth in shall be provided as a document which is separate from any written contract or other agreement between the full hereunder.

49.    This claim is for Defendants' violation of CROA's requirement that CROA's 1679c

Disclosures be provided to consumers as a separate document.

50.    CROA requires that the § 1679c CROA Disclosures be provided in a separate document from any other written material provided to the consumer. *See* CROA § 1679c(b).

51.    Defendants provided the § 1679c Disclosures in an E-Doc, which is a single, combined electronic document comprised of eight distinct agreements, with the mandatory § 1679c Disclosures set forth on page 6 of 10.

52.    Congress deemed provision of the § 1679c Disclosures important enough to warrant a dedicated Section of CROA's 10-part Subchapter, entitled: 15 U.S. Code § 1679c. Disclosures.

53.    Congress deemed these Disclosure rights important enough to require inclusion of requisite verbatim Disclosure language in every consumer contract providing credit repair services, as set forth in CROA § 1679c(a).

54.    Defendants' failure to provide Plaintiff and the putative with a separate statement containing their Disclosure rights deprived them of the information necessary to make an informed decision about the purchase of credit repair services, as intended by Congress.

55.    Such information, if properly provided, could have helped Plaintiff and the putative class avoid entering this otherwise violative contract with Defendants.

56.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to the Plaintiff and the putative class, including *inter alia,* payment of a Retainer before Defendants performed services, as outlined more fully above. As a result, Defendants are each liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff seeks judgment and damages in favor of Plaintiff and the putative class against the Defendants based on the following requested relief:

e.      Actual damages, totaling the greater of the amount sustained as a result of the violation, or any amount paid to Defendants;

f.      Punitive damages as calculated by 15 U.S.C. § 1679g(a)(2)(B)(i)-(ii);

g.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1679g(a)(3); and,

h.      Such other and further relief as may be necessary, just and proper.

**Count III**
**Violation of CROA, 15 U.S.C. § 1679d(b)(4)**

57.      Plaintiff incorporates by reference all preceding allegations as though set forth in full hereunder.

58.      This claim is for Defendants' violation of CROA's requirement that credit repair contracts contain conspicuous notice of consumers' right to cancel.

59.      CROA 1679d(b)(4) requires: "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows:"

> You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.

60.      Defendants' contract with Plaintiff and the putative class violates this requirement, providing only that:

> You may cancel this contract, without any penalty or obligation, at any time before midnight of the 3rd day which begins after the date the contract is signed by you.

*See* Exhibit A at 5.

61.      Defendants deprived Plaintiff and the putative class of their right to information;

specifically due notice of their cancellation rights under CROA.

62.     Defendants' notice is not in "bold."

63.     Defendants' notice does not contain the provision: "See the attached notice of cancellation form for an explanation of this right."

64.     The Notice of Cancellation form in the Engagement Agreement is buried at the end of ten pages of various documents and agreements, after a Power of Attorney form, and a HIPAA Release of Information Authorization Form, at pages 9 and 10. *See* Exhibit A.

65.     Congress deemed notice of cancellation rights important enough to mandate inclusion of requisite verbatim language in every consumer contract providing credit repair services.

66.     Defendants' failure to provide Plaintiff and the putative with a conspicuous notice of the right to cancel deprived them of the information necessary to make an informed decision about the purchase of credit repair services.

67.     Such information, if properly provided, could have helped Plaintiff and the putative class avoid entering this otherwise violative contract with Defendants.

68.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to the Plaintiff and the putative class, including *inter alia,* payment of a Retainer before Defendants performed services, as outlined more fully above. As a result, Defendants are each liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff seeks judgment and damages in favor of Plaintiff and the putative class against the Defendants based on the following requested relief:

i.    Actual damages, totaling the greater of the amount sustained as a result of the violation, or any amount paid to Defendants;

j.    Punitive damages as calculated by 15 U.S.C. § 1679g(a)(2)(B)(i)-(ii);

k.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1679g(a)(3); and,

l.    Such other and further relief as may be necessary, just and proper.

**Count IV**
**Breach of Fiduciary Duty**

69.    Plaintiff incorporates by reference all preceding allegations as though set forth in full hereunder.

70.    This claim is for breach of fiduciary duty.

71.    The Engagement Agreement is a retainer agreement between Defendants' law firm and Plaintiff and members of the putative class.

72.    The Engagement Agreement sets out a scope of legal representation of Plaintiff and members of the putative class.

73.    Because of the Engagement Agreement with Plaintiff and members of the class, Defendants owed Plaintiff and members of the class a fiduciary duty.

74.    Inherent within this fiduciary relationship are the duties of loyalty, integrity, candor, and good faith.

75.    Defendants breached its fiduciary duty to Plaintiff and members of the class by engaging in the acts and omissions alleged herein, including among other things, accepting payment for credit repair services before such services were fully performed, in violation of the CROA.

76.    As a direct and proximate result of Defendants' breaches of fiduciary duties owed to Plaintiff and members of the class, Plaintiff and the class members have suffered damages.

**WHEREFORE**, Plaintiff seek judgment in favor of Plaintiff and the putative class, and damages against the Defendants, in an amount in excess of $75,000.00, plus costs, and other and further relief as may be necessary, just and proper.

## CLASS ACTION ALLEGATIONS

77.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of the following class and subclasses (collectively the "Class") initially defined as follows:

a.  **CROA Payment before Performance Class**
All natural persons in the United States who (1) entered into an Engagement Agreement with Defendants (2) within the five year period preceding the date of this class action complaint, and (3) who was charged by or made any payment to Defendants at the time of execution of the Engagement Agreement or prior to any credit repair services being fully performed.

b.  **E-Doc Disclosure Statement Sub–Class**
All natural persons in the United States who (1) entered into an Engagement Agreement with Defendants (2) within the five year period preceding the date of this class action complaint, and (3) who received a disclosure statement containing CROA rights as part of an E-Doc or DocuSign Envelope or did not receive a disclosure statement containing CROA rights separately from any other agreement.

c.  **Cancellation Notice Sub-Class**
All natural persons in the United States who (1) entered into an Engagement Agreement with Defendants (2) within the five year period preceding the date of this class action complaint, and (3) who received notice of right to cancel the contract with Defendants in substantially the same form as Plaintiff.

48.     Numerosity. FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred by Defendants' size, that it employees thousands of employees and the fact that its omissions are part

of its routine business practice.

49.    Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things and without limitation:

> a.    Whether members of the putative class were charged by or paid any monies to Defendants prior to services being fully completed;
>
> b.    Whether Defendants provided the requisite disclosures under CROA;
>
> c.    Whether the violations alleged by Defendants herein were conducted recklessly, knowingly, or intentionally in conscious disregard of the rights of class members; and
>
> d.    Whether Defendants' conduct constituted violation of the CROA or breach of fiduciary duty.

50.    Typicality. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

51.    Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

52.    Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The damages sought by each member are such that individual prosecution would prove burdensome

and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

53.     Injunctive Relief Appropriate for the Class. Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. Fed. R. Civ. P. 23(b)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

d.   Determining that this action is a proper class action;

e.   Certifying Plaintiff as a Class representative;

f.   Certifying Plaintiff's counsel as Class counsel;

g.   Finding that Defendants violated the CROA;

h.   Finding that Defendants breached their fiduciary duties;

i.   Awarding Plaintiff, and the members of the CROA class and sub-classes, actual damages sustained as a result of Defendants' failure to comply with the CROA;

j.   Returning to the members of the Class all amounts paid to Defendants;

i.  Awarding Plaintiff, and the members of the Class, injunctive relief;

j.  Awarding Plaintiff, and the members of the Class, punitive damages;

k.  Awarding Plaintiff, and the member of the Class, reasonable attorneys' fees incurred in this action, and costs;

l.  Awarding Plaintiff, and the members of the Class, any pre-judgment and post- judgment interest as may be allowed under the law;

m.  Awarding such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff, on behalf of himself and the Class, demands a trial by jury on all claims.

*Respectfully Submitted*,

By: /s/ *Michael H. Rapp*
_____
Michael H. Rapp          #25702
A.J. Stecklein            #16330
Matthew S. Robertson      #27254
Stecklein & Rapp Chartered
748 Ann Ave
Kansas City, KS 66101
Telephone:      (913) 371-0727
Facsimile:      (913) 371-0727
Email: mr@kcconsumerlawyer.com
          aj@kcconsumerlawyer.com
          msr@kcconsumerlawyer.com

*Attorneys for Plaintiff*