## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MARK ENSMINGER**, *on behalf of himself and those similarly situated*,

               Plaintiff,

v.

**CREDIT LAW CENTER, LLC a/k/a THOMAS ANDREW ADDLEMAN L.L.C., d/b/a CREDIT LAW CENTER**, *et al.*

               Defendants.

**Case No.:** 2:19-cv-2147-JWL-JPO

**JURY TRIAL DEMAND**

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Plaintiff submits that an additional 35 days is excessive in this case, where the three claims arising under the Credit Repair Organization Act, 15 U.S.C. § 1679, *et seq.* are very straightforward in that the only issue is whether Defendants received payment before performance as well as if they complied with CROA's disclosures' requirements.

Plaintiff has attempted to accommodate Defendants' schedule, but has simply requested that accommodation be mutual in order to position the case to move forward.

On March 4, 2019, Plaintiff's counsel conferred with Chris Meier, a Florida attorney who stated that he represented Defendants. Mr. Meier shared Defendants' position regarding Plaintiff's claims, and requested consent for a 30-day extension to respond to Plaintiff's complaint. Plaintiff agreed to the extension, conditioned upon Defendants' agreement to hold the Parties' Civil Rule 26f conference in the near future, to avoid unnecessary delay of this case.

On March 10, 2019, a different attorney from a different law firm contacted Plaintiff's counsel requesting Plaintiff's consent to a 35-day extension. Plaintiff's counsel reiterated their willingness to the extension conditioned upon Defendants' agreement to hold the Civil Rule 26f meeting in the near

future. Defendants' were unwilling to do so. Accordingly, Plaintiff offered to compromise and agree to a two-week extension.

For these reasons, recognizing the Court may exercise its sound discretion to extend Defendants' deadline under Civil Rule 6(b), Plaintiff submits that Defendants have not met their good cause requirement to necessitate an additional 35 days to respond to this straight-forward CROA Complaint, and that Defendants' request is excessive. Defendants' motion should be denied or otherwise Defendants should be ordered to respond in a more reasonable period of time. In the alternative, Defendants should be ordered to schedule the Rule 26f conference in the near future.

Respectfully Submitted,

By: /s/ *Michael H. Rapp*

| | |
|---|---|
| Michael H. Rapp | #25702 |
| A.J. Stecklein | #16330 |
| Matthew S. Robertson | #27254 |

Stecklein & Rapp Chartered
748 Ann Ave
Kansas City, KS 66101
Telephone:    (913) 371-0727
Facsimile:     (913) 371-0727
Email:  mr@kcconsumerlawyer.com
         aj@kcconsumerlawyer.com
         msr@kcconsumerlawyer.com

Keith J. Keogh (*pro hac vice*)
Amy L. Wells (*pro hac vice*)
Keogh Law, Ltd.
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
(312) 726-1092
Email:  keith@keoghlaw.com
         awells@keoghlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on April 12, 2019, I caused a this Motion to be filed with the Clerk of the Court using CM/ECF, which caused all counsel and parties to be served via email.

*s/ Michael H. Rapp*