UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ENSMINGER, on behalf of himself
and those similarly situated,

      Plaintiff,

                                     Case No. 19-2147-JWL

      v.

CREDIT LAW CENTER, LLC, et al.,

      Defendants.

## **SCHEDULING ORDER**

On June 17, 2019, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a scheduling conference in this putative class-action case, which is brought under the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq.   The plaintiff and putative class representative, Mark Ensminger, appeared through counsel, Amy L. Wells and Michael H. Rapp.   The defendants, Credit Law Center, LLC and Thomas Addleman, appeared through counsel, Timothy A. Hudson and Chad C. Beaver.

In the parties' case-management planning report under Fed. R. Civ. P. 26(f), defendants suggest that the court limit discovery to plaintiff's individual claims until their motion to dismiss (ECF No. 18) has been decided by the presiding U.S. District Judge, John W. Lungstrum.   Defendants renewed this suggestion during the scheduling conference.   Aside from the fact that defendants haven't filed a formal motion to stay class-focused discovery, or otherwise addressed the factors relevant to granting a stay

(whether that be a complete or partial stay), the undersigned judge is wholly unpersuaded that any stay is warranted.   On the other hand, as discussed on the record during the scheduling conference, the undersigned believes discovery would proceed much more efficiently if the parties (and counsel) were more mindful of the relevancy and proportionality mandates of Fed. R. Civ. P. 26(b)(1) (see paragraph 2(a) below), and the discovery-certification ramifications of Fed. R. Civ. P. 26(g) (see paragraph 2(b) below). Accordingly, on the court's own motion, the "written" discovery requests that plaintiff served on May 25, 2019 (see ECF No. 20) are stricken and defendants need not respond to same.   Plaintiff must edit his discovery requests to address the court's stated concerns before re-serving them.   And, re-service must be preceded by the parties filing a protocol to deal with electronically stored information ("ESI") (see paragraph 2(g) below), since the parties seem to agree the vast majority of documents to be produced are maintained by defendants in electronic format.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| **Event** | **Deadline/Setting** |
| ESI protocol | **July 1, 2019** |
| Supplementation of initial disclosures | **40 days before deadline for completion of all fact discovery** |
| All fact discovery completed | **April 1, 2020** |
| Experts disclosed by plaintiff | **May 1, 2020** |
| Experts disclosed by defendants | **June 1, 2020** |
| Rebuttal experts disclosed | **July 1, 2020** |
| All expert discovery completed | **August 3, 2020** |
| Jointly proposed protective order submitted to court | **June 26, 2019** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **July 8, 2019** |
| Motions to amend or join additional parties | **October 15, 2019** |
| Class-certification motions | **September 1, 2020** |
| Updated Rule 26(f) report | **14 days after class-certification ruling** |

1)      **Alternative Dispute Resolution (ADR).**

Settlement of this case probably would not be enhanced by use of early mediation, and therefore none is ordered at this time.   The undersigned, however, intends to revisit this issue after plaintiff's anticipated motion for class certification has been decided by Judge Lungstrum.   In any event, an ADR report must be filed by defense counsel within 14 days of any scheduled mediation, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

2)      **Discovery.**

a)      The court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter provided it's (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

b)      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are reminded that this court plans to strictly enforce the certification requirements of Fed. R.

4

Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

     c) The parties' Rule 26(f) report merely states that ESI in this case will be handled as follows:

> The parties do not anticipate departing from the Federal or Local Rules regarding discovery and believe that they will primarily engage in discovery and the exchange of documents electronically. The parties have discussed the discovery of electronically-stored information (ESI) and have agreed to include in their discovery responses such ESI as may be available, relevant, and proportional to the needs of the case. The parties agree to produce such ESI in a format that is mutually agreeable. The parties will meet

and confer to discuss search terms and other way to focus and target ESI related discovery consistent with Fed. R. Civ. P. 26(b)(1). The parties will discuss the ability to waive authenticity objections for records and other items obtained through the discovery process.

As discussed during the scheduling conference, the parties must confer and then file a reasonably detailed ESI protocol by **July 1, 2019**.

d)      The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   *See* ECF Nos. 21 and 23.   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served throughout the case at such times and under such circumstances as required by that rule.   In addition, final supplemental disclosures must be served in any event 40 days before the deadline for completion of all fact discovery.   The supplemental disclosures served 40 days before the deadline for completion of all fact discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for fact discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

e)      All fact discovery must be commenced or served in time to be completed by

**April 1, 2020**.

f)      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **May 1, 2020**, and by defendant by **June 1, 2020**; disclosures and reports by any rebuttal experts must be served by **July 1, 2020**.   All expert discovery, including but not limited to expert depositions, must be commenced or served in time to be completed by **August 3, 2020**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

g)      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

h)      Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled via a proposed protective order (see paragraph 2(l) below).

i)      To encourage cooperation, efficiency, and economy in discovery, and also to

limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case:

> Diligent efforts will be made to resolve discovery disputes via telephone conferral and/or email correspondence between lead counsel before seeking court intervention. Papers will be served by e-mail on all counsel.   Documents will be produced on a rolling basis.

j)      No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

k)      No more than 10 depositions may be taken by plaintiff, and no more than 10 depositions may be taken by defendants.   Each deposition must be limited to 1 day of 7 hours.   All depositions must be governed by the written guidelines that are available on the court's website: http://www.ksd.uscourts.gov/deposition-guidelines/

l)      Discovery in this case may be governed by a protective order.   If the parties agree concerning the need for and scope and form of such a protective order, they must confer and then submit a jointly proposed protective order, in Word format, by **June 26, 2019**.   This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*Guidelines for Agreed Protective Orders for the District of Kansas*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c).   A pre-approved form of protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **July 8, 2019**.

m)    The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

**3)    Motions.**

a)    As earlier indicated, a motion to dismiss is pending (see ECF No. 18).

b)    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 15, 2019**.

c)    Any motion for class certification must be filed by **September 1, 2020.**

d)    All other potentially dispositive motions (e.g., motions for summary judgment), must be filed in accordance with a deadline the court will set after plaintiff's anticipated class-certification motion has been decided.   The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

e)    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.   Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a

good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

f)      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by the dispositive-motion deadline.

g)      If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

h)      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

i)      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

j)      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)      Pretrial Conference, Trial, and Other Matters.**

a)      Judge O'Hara will schedule the pretrial conference and trial for this case at a later status conference, but only after Judge Lungstrum has ruled on class certification.

b)      The parties stipulated during the scheduling conference that no further discovery will be needed after Judge Lungstrum has ruled on class certification.

c)      Within 14 days of Judge Lungstrum's class-certification ruling, the parties must e-mail an updated Rule 26(f) report to the undersigned's chambers, outlining their positions with regard to a deadline for filing summary-judgment and *Daubert* motions, and also when trial should be set.   Upon receipt of this report, the undersigned will schedule the pretrial conference and set a deadline for counsel to submit their proposed pretrial order.

d)      This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated June 17, 2019, at Kansas City, Kansas.

<u>s/ James P. O'Hara</u>
James P. O'Hara
U.S. Magistrate Judge