IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK ENSMINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 19-2147-JWL |
| | ) |
| CREDIT LAW CENTER, LLC, a/k/a | ) |
| THOMAS ANDREW ADDLEMAN L.L.C., | ) |
| d/b/a CREDIT LAW CENTER; and | ) |
| THOMAS ADDLEMAN, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **ORDER**

Defendants have moved to dismiss plaintiff's claims (Doc. # 18). The Court concludes that further briefing is required on the issue of standing before it rules on the motion.[1]

In response to defendants' motion to dismiss for lack of standing, plaintiff argues that he has alleged a financial injury, specifically having to pay money before he should have been required to under the Credit Repair Organizations Act (CROA), 15 U.S.C. 1679b(b). Plaintiff notes that any contract subject to the CROA that does not comply with the statute's requirements shall be treated as void. *See* 15 U.S.C. § 1679f(c). Plaintiff

---

[1] The Court will not address defendants' motion as it relates to the merits until the issue of standing has been resolved and the Court's jurisdiction to act under Article III has been established.

further argues that he lost the time value of the money that he paid before the services were rendered (although he did not plead any such injury). Plaintiff also argues that he suffered an intangible injury because he did not receive the benefits of the three provisions of the CROA that defendants (allegedly) violated.

In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), the Supreme Court held that an intangible injury could be sufficiently concrete to constitute an injury in fact for purposes of standing, and that Congress could "define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *See id.* at 1549 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992)). The Supreme Court further stated that although "a bare procedural violation, divorced from any concrete harm," would not satisfy the injury-in-fact requirement of Article III standing, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *See id.*

In their initial brief, defendants simply cited this language from *Spokeo* and argued that plaintiff had alleged only procedural violations without any concrete harm. In response, plaintiff argued that the CROA was intended to ensure that he received particular disclosures in a particular manner, and that the deprivation of that right constituted an injury in fact. Plaintiff cited prior Supreme Court cases and other cases, including the Sixth Circuit's opinion in *Macy v. GC Services Limited Partnership*, 897 F.3d 747 (6th Cir. 2018). In their reply, defendants cited *Casillas v. Madison Avenue Associates, Inc.*, __ F.3d __, 2019 WL 2353211 (7th Cir. June 4, 2019), which the Seventh Circuit issued only a few weeks ago. In *Casillas*, the Seventh Circuit reviewed *Spokeo* and held that the

defendant's alleged failure to make a disclosure required by statute did not constitute an injury in fact for purposes of standing in the absence of an allegation that the plaintiff would have taken some other action if given the proper disclosure. *See id.* The court noted that its decision created a circuit split in light of the Sixth Circuit's decision in *Macy*. *See id.* at *4 & n.4.[2] Plaintiff has not had an opportunity to address the Seventh Circuit's reasoning in *Casillas*. Accordingly, the Court believes that it would be helpful to consider a sur-reply brief from plaintiff and a sur-sur-reply brief from defendants that address this issue.

The parties' additional briefs should also address plaintiff's argument that he suffered an injury in fact because he pre-paid money in violation of the CROA, even though he has not alleged that he did not receive services in return for that payment. Plaintiff argues that a non-compliant agreement is to be treated as void, but that is strictly a statutory remedy for a violation, which would not undo the fact that plaintiff apparently received value for his payment. The parties should also address the extent to which the alleged pre-payment violation could be considered an intangible injury under *Spokeo*. Finally, plaintiff argues that the loss of the time value of money may constitute an injury in fact. *See Santangelo v. Comcast Corp.*, 2015 WL 3421156, at *3 (N.D. Ill. May 28, 2015) (citing *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010)). At least one court, however, has rejected such an argument. *See Taylor v. Federal Aviation Admin.*,

---

[2] Other potentially-relevant circuit court decisions include *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017) (on remand); *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016); and *Church v. Accretive Health, Inc.*, 654 F. App'x 990 (7th Cir. 2016) (unpub. op.).

351 F. Supp. 3d 97, 102-03 (D.D.C. 2018).  Thus, the parties should also address this issue of the time value of money in their additional briefs.

Plaintiff shall file his sur-reply brief **on or before July 16, 2019**, and defendants shall file their sur-sur-reply brief **on or before July 30, 2019**.  Each brief shall be limited to 15 pages of argument.

IT IS SO ORDERED.

Dated this 2nd day of July, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge