IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ENSMINGER, )
)
          Plaintiff, )
)
v. ) Case No. 19-2147-JWL
)
CREDIT LAW CENTER, LLC, a/k/a )
THOMAS ANDREW ADDLEMAN L.L.C., )
d/b/a CREDIT LAW CENTER; and )
THOMAS ADDLEMAN, )
)
          Defendants. )
)
_____)

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's motion to dismiss the counterclaim asserted by defendant Credit Law Center, LLC ("CLC") (Doc. # 54). For the reasons set forth below, the Court **grants** the motion, and the counterclaim is hereby dismissed.

I. **Background**

Plaintiff retained defendants to provide credit repair services. Individually and on behalf of a putative class, plaintiff asserts a claim against defendants under the federal Credit Repair Organizations Act (CROA), 15 U.S.C. §§ 1679-1679j.[1] Specifically, plaintiff alleges that defendants violated Section 1679b(b) of the CROA by charging or

---

[1] The CROA provides for civil liability of any person who fails to comply with any provision of the statute. *See* 15 U.S.C. § 1679g.

receiving money before the services for plaintiff were fully performed. Plaintiff seeks the following relief for that violation: actual damages, in the amount of the greater of actual loss from the violation and any amount paid to defendants; punitive damages; and costs and attorney fees.[2]

Defendant CLC has asserted a counterclaim against plaintiff for unjust enrichment or quantum meruit. CLC alleges that it performed credit reporting services for plaintiff pursuant to a contract, and it asserts the counterclaim conditionally, in the event that it is determined that no valid and enforceable contract existed between CLC and plaintiff. CLC states in the counterclaim that plaintiff contends that the contract is void and that plaintiff seeks the return of money paid to CLC. CLC alleges that in the event that plaintiff succeeds, plaintiff would be unjustly enriched by the receipt of those services without paying for them.

**II.     Analysis**

Plaintiff moves to dismiss the counterclaim. The Court will dismiss a cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic*

---

[2] By Memorandum and Order of September 12, 2019, the Court denied defendants' motion to dismiss this claim, although it did dismiss the other claims asserted by plaintiff. *See Ensminger v. Credit Law Center, LLC*, 2019 WL 4341215 (D. Kan. Sept. 12, 2019) (Lungstrum, J.).

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

CLC's counterclaim for quantum meruit is governed by the following standards under Missouri[3] law:

> Courts generally recognize that the essential elements of quasi-contract or contract implied in law are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the fact of such benefit; and (3) acceptance and retention by the defendant of that benefit under circumstances in which retention without payment would be inequitable. The most significant requirement is that the enrichment to the defendant be unjust, that retention of the benefit be inequitable.

*See Green Quarries, Inc. v. Raasch*, 676 S.W.2d 261, 264 (Mo. Ct. App. 1984) (citations omitted); *see also County Asphalt Paving Co., Inc. v. Mosley Constr., Inc.*, 239 S.W.3d 704, 710 (Mo. Ct. App. 2007) (elements of claim for quantum meruit or unjust enrichment are the provision of valuable services and the failure and refusal to pay for those services).

CLC's theory is that if plaintiff prevails on his claim and is returned the money that he paid CLC, then plaintiff will have received the benefit of CLC's services without having paid for them, and CLC would then be entitled to recover the value of the services provided. Plaintiff argues that the counterclaim must fail because the CROA's damage provision

---

[3] Because CLC suffered the alleged financial harm in Missouri, the site of its headquarters, Missouri law would ordinarily govern CLC's claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 U.S. 496 (1941) (in diversity action, forum state's choice-of-law rules determine which state's substantive law applies); *Doll v. Chicago Title Ins. Co.*, 246 F.R.D. 683, 690 (D. Kan. 2007) (in case involving financial harm, court applies the law of the state of the plaintiff's residence). The result would not change, however, if the Court applied Kanas law.

3

precludes such a claim and because he did in fact pay for the services. The Court agrees with plaintiff that CLC does not state a claim as a matter of law.

First, the Court notes that plaintiff in his complaint does not seek rescission as a remedy for the remaining claim of a violation of the CROA. Rather, plaintiff seeks damages in accordance with that statute's remedy provision. In addition to punitive damages and attorney fees, the CROA provides for recovery by the plaintiff of "actual damages" in the following amount: "The greater of – (A) the amount of any actual damage sustained by [the plaintiff] as a result of such failure [to comply with the CROA]; or (B) any amount paid by [the plaintiff] to the [defendant]." *See* 15 U.S.C. § 1679g(a)(1). Under the statute, plaintiff does not seek a refund or return of money paid to defendants; plaintiff instead seeks an award of damages, with the amount of the damages possibly measured by the amount paid by plaintiff to defendants.[4] Accordingly, the condition for CLC's conditional counterclaim – that the parties' contract be declared void and plaintiff receive a refund of payments – will not occur in this case.

CLC alleges in its counterclaim that plaintiff seeks the return of money that he paid to CLC for the services; thus CLC has conceded that plaintiff did pay for the services provided. The CROA provides not for a refund of that payment, but instead provides for damages in the amount of the payment. Thus, the Court agrees with plaintiff that CLC

---

[4] In fact, any such award in this case would be in the amount paid by plaintiff to defendants, as plaintiff has failed to allege plausibly that he suffered actual damages in excess of that amount.

4

cannot satisfy one requirement for a quantum meruit claim – the requirement that plaintiff did not pay for the services – and the counterclaim cannot succeed as a matter of law.

CLC would argue that such an award of damages has the same effect as a refund. The Court would not interpret the statute in such a fashion, however. First, as explained above, the statute does not provide for a refund, but rather provides for damages in an amount measured either by the plaintiff's actual loss or the plaintiff's payments to the defendant. If a plaintiff were awarded damages measured by his actual loss, then the defendant would have no basis to assert a counterclaim against a plaintiff who had paid, and the result should not change if damages are instead measured by the alternate method.[5] Moreover, such an interpretation would completely undermine the CROA's remedy provision. The statute provides that a plaintiff with no or minimal actual loss shall still recover damages in the amount of the plaintiff's payments to the defendant, without any allowance for a deduction for the value of the services received and paid for by the plaintiff. If a defendant were able to assert a claim for that value, the plaintiff would not receive the amount dictated by the statute. In addition, if damages are measured by the amount paid, then it may be presumed that some consideration (services) was given for that payment, and the statute nevertheless provides for an award in the amount of the plaintiff's payment.[6]

---

[5] The Court need not decide in this case whether a defendant could assert a counterclaim for payment against a plaintiff who sought to recover for an actual loss and who had not paid for services rendered.

[6] CLC argues that to abrogate a common-law principle, such as the right to recover in quantum meruit, a statute must "speak directly" to the question addressed by common law. *See United States v. Texas*, 507 U.S. 529, 534 (1993). The CROA did speak directly to this question of plaintiff's remedy, however, by allowing plaintiff to recover any amounts paid without any provision for a deduction for the value of services received.

CLC also cannot satisfy the key element that the plaintiff's retention of the benefit be unjust. The Court concludes as a matter of law that allowing plaintiff to recover damages in the amount of his payments to defendants, without any offset for the value of the services received, would not be unjust because the CROA provides for that very remedy.

Finally, the Court notes that CLC has not cited any case in which a court accepted this argument by CLC or otherwise permitted such a counterclaim to proceed. Indeed, in the only analogous case cited by either party, the court held that a defendant alleged to have violated the CROA could not receive credit for the value of the services. *See Hillis v. Equifax Consumer Servs., Inc.*, 237 F.R.D. 491, 500-01 (N.D. Ga. 2006).[7]

In the absence of relevant and persuasive authority supporing CLC's claim to recover the value of services provided to plaintiff, the Court will not allow such a claim that would effectively negate the remedy expressly provided to successful plaintiffs in the CROA. Accordingly, the Court grants plaintiff's motion, and CLC's counterclaim is hereby dismissed.

---

[7] In *Hillis*, the issue arose in the context of the defendant's request for leave to assert a setoff defense. *See Hillis*, 237 F.R.D. at 500. Any distinction between a defense and the counterclaim asserted in the present case is not meaningful, however, and the case is relevant, as the *Hillis* court clearly held that a defendant in violation of the CROA was not entitled to reduce the plaintiff's damages by any value the plaintiff may have received. The Court does agree with CLC that the cases cited by plaintiff involving other statutes are not particularly helpful.

6

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to dismiss the counterclaim asserted by defendant Credit Law Center, LLC ("CLC") (Doc. # 54) is hereby **granted**, and the counterclaim is hereby dismissed.

IT IS SO ORDERED.

Dated this 19th day of December, 2019, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge