UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ENSMINGER, on behalf of himself
and those similarly situated,

    Plaintiff,

    v.

    Case No. 19-2147-JWL

CREDIT LAW CENTER, LLC, et al.,

    Defendants.

## **ORDER**

Keith N. Williston, who is not a party to this litigation, has filed a second motion to quash a subpoena from defendants (ECF No. 66). The plaintiff, Mark Ensminger, filed this putative class-action complaint against defendants for violation of the Credit Repair Organizations Act.[1] Williston is an attorney who previously represented plaintiff in another action in this court but does not represent plaintiff in the instant case.[2] Since Williston left defendants' firm, they have been in an ongoing dispute that has spilled over into this lawsuit.[3]

---

[1] ECF No. 1.

[2] *See Ensminger, et al. v. Fair Collections and Outsourcing, et al.*, 16-2173-CM (D. Kan. 2018).

[3] The court detailed the factual background of the dispute in its prior order (ECF No. 63) and will not restate it here.

On November 6, 2019, Williston filed a motion to quash the first subpoena from defendants.[4] The undersigned U.S. Magistrate Judge, James P. O'Hara, denied the motion because it was not filed in the district where compliance was required.[5] Williston also filed a motion for protective order, which the court denied.[6] Defendants served a second subpoena on December 9, 2019, this time for production in Overland Park, Kansas. For the reasons below, the court respectfully denies Williston's motion.

Analysis

Rule 45 governs subpoenas issued to non-parties, with section (d) of that Rule relating to enforcement. Subsection (d)(3)(A) requires the court to quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (ii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.[7] Generally, non-parties answering a Rule 45 subpoena are offered heightened protection from discovery abuse.[8]

Defendants assert the court has already rejected Williston's arguments of privilege, undue burden, irrelevance, and harassment. The court did consider these arguments in the

---

[4] ECF No. 58.

[5] ECF No. 59.

[6] ECF No. 63.

[7] Fed. R. Civ. P. 45(d)(3)(A).

[8] *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164 MLBDWB, 2007 WL 2122437, at *4 (D. Kan. July 20, 2007).

context of the protective order.[9] The court looks at the substantive arguments now in the context of the subpoena.

Relevance

Although Rule 45 doesn't specifically include relevance or overbreadth as a basis to quash a subpoena, "this court has long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."[10] Rule 26(b) of the Federal Rules of Civil Procedure allows discovery regarding "any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case."[11] The proportionality standard moved to the forefront of Fed. R. Civ. P. 26(b) when the rule was amended in 2015, which reinforced the need for parties to focus on the avoidance of undue expense to the parties.[12] Although the court still considers relevance, the previous language defining relevance as "reasonably calculated to lead to the discovery of admissible evidence," was deleted in the 2015 amendment "because of it was often misused to define the scope of discovery and had the potential to 'swallow any

---

[9] ECF No. 63.

[10] *Butcher v. Teamsters Local 955*, No. 18-2424-JAR-KGG, 2019 WL 3453714, at *2 (D. Kan. July 31, 2019) (quoting *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL-GEB, 2017 WL 1650757, at *3 (D. Kan. May 2, 2017)).

[11] Fed. R. Civ. P. 26(b)(1). The proportionality standard takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

[12] *Frick v. Henry Indus., Inc.*, No. 13-2490-JTM-GEB, 2016 WL 6966971, at *3 (D. Kan. Nov. 29, 2016).

other limitation.'"[13] As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.[14]

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery does not come within the broad scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[15] Conversely, when relevance is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevance of the information or documents sought.[16]

The court did not have to decide whether the discovery requests were relevant in its analysis of the protective order. In its analysis of the motion to quash, the court finds the subpoena seeks relevant evidence. The subpoena seeks:

1. All correspondence and communications (including but not limited to emails, text messages, and direct messages) with Mark Ensminger that reference or discuss the Credit Repair Organizations Act; any potential lawsuit or claims against [Credit Law Center ("CLC")] or any credit repair organization; or any payment, compensation or other benefit to be provided to or by you in connection with any potential lawsuit or claims asserted by Mr. Ensminger against CLC.

---

[13] *Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-CV-2428-JAR-TJJ, 2018 WL 263238, at *2 (D. Kan. Jan. 2, 2018).

[14] *Funk v. Pinnacle Health Facilities XXXII, LP*, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *1–2 (D. Kan. Nov. 19, 2018).

[15] *DIRECTV, Inc. v. Pucinelli*, 224 F.R.D. 677, 684 (D. Kan. 2004) (citing *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643 (D. Kan. 2003)).

[16] *Id.*

2. All documents that reference or discuss Mark Ensminger, on the one hand, and, on the other hand, the Credit Repair Organizations Act; any potential lawsuit or claims against CLC or any credit repair organization; or any payment, compensation or other benefits to be provided to or by you in connection with any potential lawsuit or claims asserted by Mr. Ensminger against CLC.[17]

Although there is no time constraint placed on the subpoena, there is a subject limitation: communication and documents referencing plaintiff, the Credit Repair Organizations Act, and claims against credit repair organizations, including defendants. Although defendants' ultimate argument is not totally clear to the court, they insinuate Williston may have a financial interest in this litigation and some financial agreements exist between him and plaintiff's counsel.[18] Defendants contend Williston has relevant information, related to plaintiff (the putative class representative) and his stake in the controversy.[19] Evidence related to the class representative's stake in the controversy or any interests conflicting with the interest of the class – which are sought by this subpoena – are facially relevant. Williston does not meet his burden to show these documents are not relevant.

Privilege

Next, Williston argues the subpoena seeks privileged information. Rule 45(d)(3)(A) outlines circumstances under which a court *must* quash or modify a subpoena, including

---

[17] ECF No. 68-1.

[18] ECF No. 58 at 6; ECF No. 63 at 4.

[19] ECF No. 60 at 5.

when the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies," and when the subpoena "subjects a person to undue burden." But, as the court noted in its prior order, "it is well-established in this District that blanket claims of attorney-client privilege or work-product protection do not satisfy the objecting party's burden of proof."[20]

The court previewed for Williston that any attorney-client privilege objection would need to reference specific requests he contends are improper. Williston reasserts in his motion that responsive documents would be protected by privilege because they would "necessarily be either work-product or legal advice to a current client, past client, or potential client."[21] But *"the mere fact that one is an attorney does not render everything he does for or with the client privileged."*[22]

Although Rule 26(b) doesn't expressly require a privilege log, a party withholding information on privilege grounds generally satisfies the rule by providing one. Cases in this district have outlined in detail the specific requirements of a privilege log; it should, at the very least, contain sufficient information so the opposing party and the court can

---

[20] *Kemp v. Hudgins*, No. 12-2739-JAR-KGG, 2013 WL 4857771, at *2 (D. Kan. Sept. 10, 2013) (citing *Linnebur v. United Telephone Ass'n*, No. 10–1379–RDR, 2012 WL 1183073,*4 (D. Kan. April 9, 2012)).

[21] ECF No. 66 at 5.

[22] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 675 (D. Kan. 2005).

evaluate the claimed privilege.[23] The court recognizes Williston may have responsive documents protected by privilege, given his prior representation of plaintiff in a Fair Debt Collections Practice Act action.[24] But it seems unlikely all responsive documents would be privileged. Defendants expressly disclaim any request for documents or communications related to that matter, and Williston has confirmed he does not and has not represented plaintiff in connection with the topics at issue in this lawsuit. Regardless, the court can't evaluate Williston's privilege argument on its face because he has not provided any privilege log.

Williston argues he should "not be compelled to expend the time and energy to create and submit a privilege log."[25] Compliance with a subpoena will inevitably involve some measure of burden, so the court will not deny a party access to relevant discovery merely because compliance inconveniences a non-party or subjects it to some expense.[26] As the court previously stated, Williston is an attorney who can create a privilege log. His

---

[23] *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 1106257, at *4–5 (D. Kan. Mar. 24, 2017) (listing the general requirements of a privilege log).

[24] *See Ensminger v. Fair Collections & Outsourcing, Inc.*, Case No. 16-2173-CM (D. Kan. 2016).

[25] ECF No. 66 at 4.

[26] *XPO Logistics Freight, Inc. v. YRC, Inc.*, No. 16-MC-224-CM-TJJ, 2016 WL 6996275, at *5 (D. Kan. Nov. 30, 2016), *objections overruled*, No. 16-MC-220-JWL, 2017 WL 67878 (D. Kan. Jan. 6, 2017).

argument that he would be forced to do "extensive searches of his email despite being a solo practitioner"[27] is unpersuasive to the court.

Undue Burden

Finally, Williston argues the subpoena imposes an undue burden. The court evaluates relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.[28] The court must balance defendants' needs for the information with the potential for undue burden or expense imposed on the third-party respondent. The status of a person as a non-party is a factor that weighs against disclosure.[29] However, the court will not excuse compliance simply because the non-party asserts it is unduly burdensome. The subpoenaed party must show compliance would seriously disrupt its normal business operations.[30]

On balance, the court finds the subpoena does not impose an undue burden. As discussed above, the materials sought are relevant to the evaluation of class certification in this case. The court takes Williston's point that defendants should seek this discovery from

---

[27] ECF No. 69 at 3.

[28] *Butcher v. Teamsters Local 955*, No. 18-2424-JAR-KGG, 2019 WL 3453714, at *3 (D. Kan. July 31, 2019); *Swift Beef Co. v. Alex Lee, Inc.*, No. 18-0105-EFM-KGG, 2018 WL 5634003, at *4 (D. Kan. Oct. 31, 2018).

[29] *Swift Beef Co.*, 2018 WL 5634003, at *4 (quoting *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662-663 (D. Kan. 2003)).

[30] *Martinelli v. Petland, Inc.*, No. 09-529-PHX-DGC, 2010 WL 3947526, at *6 (D. Kan. Oct. 7, 2010).

plaintiff.[31] The court agrees defendants may be able to obtain many of these documents through plaintiff. But the court notes defendants are entitled to seek discovery from non-parties, even though it is often more inconvenient and expensive than it is from parties.[32] Furthermore, the scope of the subpoena goes beyond those overlapping documents; it also seeks documents that "reference or discuss" plaintiff.[33]

The court is also mindful of the potential burden of combing through e-mails and other files that include plaintiff's name, given Williston represented him in prior, unrelated litigation. The document request is not limited by a time period, but it is tailored in subject matter. The parties seem to offer an initial strategy in their briefing. Defendants apparently seek a search of Williston's emails involving plaintiff's name and email addresses, as they relate to discussions about the Credit Repair Organizations Act, and claims against credit repair organizations.[34] Williston argues he will have to manually search through his e-mails because he "may have responded to some other person and discussed the case without using Ensminger's name."[35] In his reply, he suggests the revised language "all documents that can be found by using the standard search function for Ensminger's name and email

---

[31] ECF No. 69 at 1.

[32] *Hefley v. Textron, Inc.,* 713 F.2d 1487, 1497 n. 2 (10th Cir. 1983).

[33] ECF No. 68-1.

[34] ECF No. 68 at 2.

[35] ECF No. 69 at 2.

address(es)."[36]  Although Williston uses this language to try to prove his point the subpoena as written is too broad, the proposed language seems to accurately portray what defendants are seeking.  The court does not direct Williston to stop his search there, as other responsive documents may exist.  But the court believes the search method discussed by both parties is a reasonable starting point that does not unduly burden Williston.  The remaining effort required to search his files is not so burdensome as to justify quashing the subpoena.

IT IS THEREFORE ORDERED that Williston's motion to quash (ECF No. 66) is denied.

Dated January 24, 2020, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge

---

[36] *Id.* at 3.