UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK ENSMINGER, on behalf of himself
and those similarly situated,

      Plaintiff,

      v.

CREDIT LAW CENTER, LLC, et al.,

      Defendants.

Case No. 19-2147-JWL

## **SUPPLEMENTAL ORDER**

Defendants, Credit Law Center, LLC ("CLC") and Thomas Addleman, have filed a motion (ECF No. 116) to clarify or, in the alternative, amend the court's September 14, 2020 order (ECF No. 115). The court's prior order ruled on plaintiff's motion to amend the scheduling order and plaintiff's motion to compel defendants' discovery responses.

Relevant to defendants' motion are the portions of the order ruling on Request Nos. 5 and 6. Request No. 5 seeks "all credit report audits for each CLC client identified in the spreadsheet."[1] The court granted a narrowed request to compel the production of the first and last audits for each class member.[2] Request No. 6 seeks "the client file for each CLC client identified in the spreadsheet,"[3] which plaintiff limited to "production of each putative class member's invoices and transaction logs, and an exemplar of each non-identical version of the engagement agreement entered into between CLC and the members of the

---

[1] ECF No. 109-1 at 6.
[2] ECF No. 115 at 9.
[3] ECF No. 109-1 at 6.

proposed class."[4]  The court directed defendants to produce the transaction logs, at plaintiff's cost, but not the invoices or additional versions of the engagement agreements.[5]

The parties now dispute whether both sets of information (from Request No. 5 and Request No. 6) are to be produced at plaintiff's expense.  Defendants' interpretation is correct, although the court concedes it did not explicitly clarify this directive in its prior order.  Plaintiff has consistently represented he would pay for an expert to extract information from defendants' client files: "plaintiff has mooted any purported undue burden and expense by offering to have his expert perform the work so long as defendants provide access to their systems;"[6] "plaintiff has already mooted [defendants' undue burden argument] by offering to pay an independent expert to extract the relevant client files from defendants' database and image defendants' database table."[7]

Plaintiff is directed to use the independent expert he offered to hire to extract the relevant information from defendants' client files.  This is to be done at plaintiff's expense and includes both the credit report audits requested in Request No. 5 and the transaction logs requested in Request No. 6.

IT IS SO ORDERED.

Dated October 16, 2020, at Kansas City, Kansas.

                                                    s/ James P. O'Hara
                                                    James P. O'Hara
                                                    U. S. Magistrate Judge

---

[4] ECF No. 110 at 5.
[5] ECF No. 115 at 11.
[6] ECF No. 116, Ex. F at 4.
[7] ECF No. 116, Ex. G at 6.