**In the United States District Court
for the District of Kansas**

———————

Case No. 19-cv-02147-TC-JPO

———————

MARK ENSMINGER,
ON BEHALF OF HIMSELF AND THOSE SIMILARLY SITUATED,

*Plaintiff*

v.

CREDIT LAW CENTER, LLC, ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Mark Ensminger moves for an order approving his proposed notices to class members and method of distribution. Doc. 195. CLC disputes several details in the content of the notices. Doc. 196. Ensminger's motion, Doc. 195, is granted in part, subject to edits to the notices as outlined below.

**I**

**A**

Fed. R. Civ. P. 23(c)(2) specifies that for any class certified under Fed. R. Civ. P. 23(b)(3), the "court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005). In all cases, class notice must be "reasonably calculated … to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Tennille v. W. Union Co.*, 785 F.3d 422, 436 (10th Cir. 2015) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974)). This is to protect the due process interests of unnamed class members "by

providing unnamed class members the right to notice of certification … and a right to be heard." *Id.* Rule 23(c)(2) contemplates several different possible notice methods including mail and "electronic means." Fed. R. Civ. P. 23(c)(2)(B).

As to content, "the notice must clearly and concisely state in plain, easily understood language" seven types of information: the nature of the action, definition of the class, the class claims, issues, and defenses, that a class member may enter an appearance through an attorney, that any potential class member will be excluded if they request, the time and manner of requesting exclusion, and the binding effect of a class judgment on members who remain in the class. Fed R. Civ. P. 23(c)(2)(B). Within the "bounds of due process" and Rule 23, the precise "form that [] notice is to take is left to the discretion of the district court." *Tennille*, 785 F.3d at 436 (citing *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 262 F.3d 1089, 1109 (10th Cir. 2001)).

**B**

Ensminger proposed the following class: "All individuals who entered into CLC's Engagement Agreement, paid a retainer to CLC, and subsequently received an invoice generated after the date of their retainer payment." Doc. 192 at 8. Ensminger's proposed class was certified under Rule 23(b)(3). Doc. 192. There are 17,296 CLC customers who meet the criteria for inclusion within the class. *Id.* at 9.

**II**

Ensminger's proposed notice plan consists of sending a long form notice to each class member via e-mail, posting the long form notice on a class website, and mailing a summary postcard to class members who lack a valid email address. Doc. 195 at 2. The parties do not dispute the proposed methods of providing notice. Doc. 196 at 1; Doc. 197 at 1. And they are right to do so: The proposed notice plan satisfies the requirements of Rule 23(c)(2) by providing several forms of notice delivered by multiple means and posted online. It is therefore reasonably calculated to apprise potential class members of the pendency of the action and afford them an opportunity to present any objections.

But CLC proposes several changes to the wording of the long form notice and summary postcard. Doc. 196 at 1. Ensminger objects to a few of CLC's proposed changes. Doc. 197 at 2, 5. The parties' wording

disputes boil down to whether the original wordings CLC challenges are "inaccurate, [and/or] mischaracterize CROA's advance fee restriction." Doc. 196 at 1.[1]

Resolution of the parties' dispute is found in the Credit Repair Organizations Act's text and Rule 23(c)(2)(B)'s admonition that a notice be clear and concise. In particular, Section 1679b(b) states that "no credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed." 15 U.S.C. § 1679b(b).

The parties disagree about how to describe the nature of Ensminger's allegations in the long form notice's preamble. Doc. 196-1 at 2 (requesting that the preamble's second sentence read "by allegedly receiving retainers from some customers before CLC fully performed credit repair services"); Doc. 197-3 at 2 (requesting it read "by requiring customers to provide a down payment (i.e. a retainer) before CLC completed the agreed-upon credit repair services"). As the CROA uses the phrase "fully performed credit repair services," the sentence should read "by receiving a down payment (i.e., a retainer) from some customers before CLC fully performed credit repair services." CLC would also like to remove the sentence "CROA requires the return of any money paid plus allows a party to seek punitive damages" from the preamble. Doc. 196-1 at 2; Doc. 197-3 at 2. That sentence is substantively accurate. *See* 15 U.S.C. § 1679g(a) and (b). As a result, CLC's objection is overruled.

In the section marked "1. What is this lawsuit against CLC about?" CLC suggests the fourth sentence should read "Plaintiff alleges CLC received retainers from some of its customers before fully performing any services." Doc. 196-1 at 2. Ensminger would prefer "Plaintiff alleges CLC required its customers to provide an up-front payment styled as a 'retainer' before fully performing the credit repair services

---

[1] Ensminger argues that CLC waived its chance to object by failing to provide reasons why the original wordings were inaccurate. Doc. 197 at 3. But parties do not waive their arguments by making them tersely or without strong reasoning; only where arguments are not made at all, or are made in a manner so perfunctory as to be considered not made, are they waived. *See, e.g.*, *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002).

spelled out in their contracts." Doc. 197-3 at 2. A substantively accurate sentence that combines both parties' submissions is: "Plaintiff alleges CLC required some of its customers to provide an up-front payment styled as a "retainer" before fully performing credit repair services."

CLC's final disputed change to the long form is that the first sentence of the section entitled "8. How will the lawyers be paid?" state "the class's attorneys will ask the Court [for fees and expenses]." Doc. 196-1 at 3. Ensminger suggests the language "the class's attorneys may ask the Court [for fees and expenses]". Doc. 197-3 at 3. The CROA's language states that "any person" who fails to comply with CROA "shall be liable" "in the case of any successful action" for "the costs of the action, together with reasonable attorneys' fees." 15 U.S.C. § 1679g(3). As CLC's position is substantively correct—attorneys' fees and expenses will be part of any recovery—its objection is sustained, and its proposed wording should be adopted.

The parties also dispute the inclusion of the word "Defendants" in the section entitled "What is this?" as well as the second sentence in the section "What is this lawsuit about?" in the postcard notice. Doc. 196-2 at 2; Doc. 197-5 at 2. There is no reason not to use the word "Defendants" and a substantively accurate statement for the end of the second sentence should read "by receiving a down payment (i.e. a retainer) from some customers before CLC fully performed credit repair services."

With the edits outlined above, the clean versions of the class notice forms, in the CM/ECF systems as Doc. 197-3 and Doc. 197-5, are clear, concise, and provide notice in "plain, easily understood language" as required by Fed. R. Civ. P. 23(c)(2)(B). The notices also include the information required by Rule 23(c)(2)(B). As such, with the edits above, they are approved. *Cf. In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-2785, 2020 WL 6044085, at *4 (D. Kan. Oct. 13, 2020) (finding similar notices satisfied Rule 23(c)(2)(B)).

### III

For the foregoing reasons, Ensminger's request for approval of the notice plan and notice forms, attached to Document 197 as Exhibits 3 and 5, in the CM/ECF system as Doc. 197-3 and Doc. 197-5, is granted with the edits outlined above.

  Ensminger is given 21 days from the date of this order in which to send and/or post notice. Class members are given 45 days from the postmarked date on the notice forms in which to exclude themselves from the class. In the future, the parties are to meet and confer in good faith regarding discretionary wording changes.

  It is so ordered.

Date: December 8, 2023       \_s/ Toby Crouse_____
                Toby Crouse
                United States District Judge